In the Matter of RICHARD BECKWITH, a Lunatic.

Where, after the death of a party, notice of appeal from an order is served upon his attorney, the appellant cannot object, on motion by said attorney to dismiss appeal, that he has no standing in court because of the death of his client. Having called the attorney into court as the proper representative of the deceased, the appellant may not object to his being heard.

(Argued November 18, 1882 ; decided November 21, 1882.)

THIS was a motion to dismiss two appeals from orders. The following is the opinion :

" The notice of appeal dated September 26, 1881, relates to an amended order dated January 5, 1875, entered in Jefferson county clerk's office September 21, 1881, and by it the appellant declares that he also intends to bring up for review upon such appeal a certain order dated January 22, 1875, and entered in said county February 25, 1875. It is addressed to (among others) ' Thomas Spriggs, attorney for William W. Beckwith, the committee of Richard Beckwith,' and to Messrs. Lansing & Sherman, late attorneys for William W. Beckwith, committee of Richard Beckwith, and attorneys for the administrators of said William W. Beckwith. An appeal was then pending from the last described order, the notice of appeal in which was dated the 26th day of April, 1875, and also addressed to Mr. Spriggs as attorney for the committee. The attorneys to whom these notices were addressed now move under the same description to dismiss the appeals. The appellant objects that they have no standing in court, because of the deaths of Richard Beckwith and William Beckwith. But Richard Beckwith died before either appeal was taken, and William Beckwith before the last appeal, and as the attorneys are called into court by the appellant as the proper representatives of the respondents, it does not lie in his mouth to object to their being heard. Nor should the appeals be retained ; for no fact is stated, which, since the decision heretofore made by us (87 N. Y. 503), will permit the appellant to prosecute them further, and even if the moving party was incompetent, the

court might, of its own motion, dismiss the appeal. (*Seymour* v. *Judd*, 2 N. Y. 464.)

The appeals are therefore dismissed, but without costs."

*Abraham Lansing* for motion.

*Nathaniel C. Moak* opposed.

DANFORTH, J., reads for granting motion.
All concur.
Appeals dismissed.