CHARLES E. BURNS, Respondent, *v.* THE DELAWARE, LACK-AWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Under the provision of the Code of Civil Procedure (§ 3234), providing that where in certain actions the complaint sets forth separately two or more causes of action upon which issues are joined, and each party "recovers on one or more of the issues," each is entitled to costs, the fact that defendant has defeated one or more of the causes of action does not alone entitle him to costs; there must be a recovery in his favor, *i. e.,* an affirmative finding, verdict or judgment in his favor which will have the effect of disposing of the cause of action as to which plaintiff has failed.

Where, therefore, a complaint set forth separately three distinct causes of action, which were put in issue, and on the trial the plaintiff was non-suited as to two of them, but had a verdict as to the other, *held,* that defendant was not entitled to costs.

*N. U. M. Co.* v. *Murlow* (115 N. Y. 170), distinguished.

Among the items of plaintiff's costs taxed was one of $30 for attending the taking of depositions of three witnesses in another state, two of the witnesses were examined for plaintiff and one for defendant, their testimony related to one of the causes of action, as to which the plaintiff was nonsuited. *Held,* that under the provision of the Code (§ 325) entitling a party to $10 "for taking the deposition of a witness," plaintiff was entitled to that sum; that a commission having been issued, the statutory allowance followed the right to costs, and neither the taxing officer nor the court could institute an inquiry as to the necessity therefor, and the allowance did not depend upon success as to the particular cause to which the proof was directed, but only upon such success in the action as carried with it a right to general costs; but *held,* that only one fee of $10 could be charged, not that sum for every witness examined.

Where a party to an action succeeds to the extent that he is entitled to general costs and disbursements, every legal disbursement incurred in good faith in the case follows and cannot be defeated by showing that it was incurred in an unsuccessful attempt to establish a separate cause of action as to which the party fails.

Another item taxed was $34.50 for commissioners' fees in taking the depositions; there was no proof before the Special Term or the clerk that the commissioners' fees were paid or any obligation to pay them incurred, or that the item was in any way a necessary or proper disbursement. *Held,* that the item was improperly taxed.

Reported below, 63 Hun, 19.

(Argued June 7, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made at the October term, 1891, which affirmed an order of Special Term denying a motion by defendant for retaxation of plaintiff's costs and also denying an application to tax costs in defendant's favor.

The facts, so far as material, are stated in the opinion.

*Chas. J. Bissell* for appellant.    Plaintiff was not entitled to tax the two items, thirty dollars taking testimony of three witnesses in Pittsburg, and fourteen dollars and fifty cents commissioner's fees in Pittsburg, and that the defendant was entitled to a full bill of costs under the provisions of section 3234 of the Code of Civil Procedure.    (*Blashfield* v. *Blashfield,* 41 Hun, 249; *Crosley* v. *Cobb,* 42 id. 166; *Ackerman* v. *DeLude,* 36 id. 44; *N. U. M. Co.* v. *Muxlow,* 51 id. 453; *Kilburn* v. *Low,* 37 id. 237; Code Civ. Pro. § 3232.)

*E. A. Nash* for respondent.    To entitle a defendant to costs, under section 3234 of the Code, there must be a recovery in the action by the defendant upon one or more of the issues.    (2 R. S. 617, § 26; *Cooper* v. *Jolly,* 30 Hun, 224; 96 N. Y. 667; *Crosley* v. *Cobb,* 42 Hun, 166; *Heath* v. *Forbes,* 18 Civ. Pro. Rep. 207; *Reed* v. *Batten,* 22 Abb. [N. C.] 69; *McCarthy* v. *Lewis,* 61 Hun, 354.)

O'BRIEN, J.    The order appealed from adjudged that the plaintiff was entitled to recover costs in the action, and that the defendant was not.    The complaint contains three separate and distinct causes of action, each arising out of the neglect of the defendant to perform its duty as a common carrier.    It is alleged that the plaintiff, on three different occasions, delivered property to the defendant within this state to transport to different consignees in three different states, and that by reason of its neglect and failure to transport and carry such property to its place of destination within a reasonable time, the property was damaged and the plaintiff sustained loss in consequence.    The defendant's answer put in issue all the material allegations of the complaint, as to each cause of action.

It appears that the plaintiff gave no proof whatever in support of the third cause of action, and that at the close of all the evidence, the court granted a nonsuit as to the second cause of action, and submitted the issues upon the first cause of action to the jury, and the plaintiff, on that cause of action alone, had a verdict. Both sides claimed to be entitled to costs. The clerk taxed the bill presented by the plaintiff and rejected that presented by the defendant.

A motion on the part of the defendant for a retaxation was denied at the Special Term, and this order was, upon appeal, affirmed at the General Term. The right of the defendant to costs depends upon the construction to be given to section 3234 of the Code of Civil Procedure, which provides that in certain actions "wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs." The plaintiff must admit that all the conditions mentioned in the statute upon which the right of the defendant to costs depends, exist in this case, except possibly one. The complaint sets forth separately two or more causes of action upon which issues of fact were joined and the plaintiff has recovered upon one of the causes of action. The only question is whether the defendant has also *recovered* upon the other cause of action within the meaning of this section of the Code. The defendant has succeeded in defeating two of the plaintiff's causes of action, but it has been held that something more was intended by the use of the word "recovers." Before the plaintiff is entitled to costs there must, of course, be a recovery in his favor, and this means an affirmative finding, verdict or judgment. The word as used in the section has the same meaning whether applied to a plaintiff or a defendant. This provision of the Code was borrowed from the Revised Statutes (2 R. S. 616), under which it was

held that in order to entitle a defendant to costs there must be an actual finding or verdict in his favor, and that where there was a general verdict for the plaintiff and no verdict for the defendant, the latter could not be awarded costs, although he had succeeded in defeating the plaintiff upon one or more of the causes of action set forth in the complaint. (*Johnson* v. *Fellows*, 6 Hill, 353; *Crittenden* v. *Crittenden*, 1 id. 359; *People* v. *Feeter*, 12 Wend. 480; *Briggs* v. *Allen*, 4 Hill, 538.) This was the substance of the decision of the Supreme Court in *Cooper* v. *Jolly* (30 Hun, 224), when this section of the Code was before it for construction, and this court affirmed the decision in that case without an opinion (96 N. Y. 667). In this case, while there was a nonsuit ordered in favor of the defendant on two of the causes of action stated in the complaint, that is no bar to another action by the plaintiff on the same claims, and hence there has not been a recovery in favor of the defendant within the meaning of this provision of the Code. In such cases, if the defendant intends to claim costs he should ask for an affirmative verdict or finding in his favor that will have the effect of disposing of the cause of action as to which the plaintiff has failed. The case of *Newell Universal Mill Company* v. *Muxlow* (115 N. Y. 170), is in no way opposed to this construction. In that case, although the action was brought to recover several chattels, yet there was but one count or cause of action set forth in the complaint. The fact that the plaintiff succeeded as to some of the property, and the defendant as to the rest, did not bring the case within the section, as the defendant's right to costs is dependent upon a condition that did not exist, namely, the statement by the plaintiff in his complaint of two or more independent and separate causes of action. If the legislature intended to allow a defendant who succeeds in defeating a separate cause of action, stated in the plaintiff's complaint, to recover costs, it would have used some other word to designate the form of the judgment in his favor and upon which the right depended. It is only when he *recovers* upon one or more of

the separate causes of action that costs follow, and in the absence of an actual verdict, finding or judgment in his favor this condition is not satisfied. Hence the order appealed from was right in so far as it denied costs to the defendant. It is also urged in behalf of the defendant that the clerk included in the costs taxed in favor of the plaintiff two items that were not taxable, namely : " Attending to taking deposition of three witnesses at Pittsburg, $30 ; " and " Paid commissioner's fees in Pittsburg, $14.50." This expense was incurred, as appears from the affidavits, in preparing for the trial of the second cause of action, as to which the plaintiff was nonsuited at the close of all the evidence. The item of $30 is also included by the defendant in his bill of costs presented to the clerk for taxation, and the affidavit annexed is to the effect that the witnesses examined were necessary. It appears that two of the witnesses were examined for the plaintiff and the other for the defendant, and their testimony related to the issue raised upon the second cause of action or count of the complaint. The commissioner's fees and disbursement, and all disbursements claimed, must be shown to have been necessary in the case in order to warrant the clerk in taxing them. The other item, however, is not a disbursement, but a part of the statutory allowance that follows a recovery and stands upon the same footing as the trial fee, the term fee or the allowance before and after notice of trial. It is provided in section 3251 of the Code that either party shall be entitled, " For taking the deposition of a witness or of a party, as prescribed in section 870, section 871 or section 893 of this act, ten dollars."

" For drawing interrogatories to be annexed to a commission, or to letters rogatory issued as prescribed in sections 888, 912, 913 and 3171 of this act, ten dollars." There are other provisions of the section giving a designated allowance for certain services in an action, as the procuring of an injunction order, an order of arrest or order appointing a guardian for an infant. The only question that can arise upon an application to tax these statutory charges is whether the proceedings were

had, or the particular service actually rendered in the progress of the litigation. If a commission has been issued in the case or an injunction order, or order appointing a guardian granted and remains a part of the record or the proceedings, the statutory allowance follows the right to costs, and neither the taxing officer nor the court can institute an inquiry as to the necessity of the commission or the particular order, or the value of the service performed. In this case the plaintiff was defeated on the second cause of action, notwithstanding the testimony taken by commission to sustain it, but this very testimony elicited either upon the direct or cross-examination may have been the basis of the nonsuit granted upon the defendant's motion. The right of either party to tax the statutory allowance given by law for examination of witnesses by commission did not depend upon success as to the particular cause of action to which the proof was directed, but only upon such success as carried with it the right to general costs in the action. (Code, § 3228.) As the plaintiff succeeded to that extent the fact that he failed to recover upon the second cause of action is utterly immaterial. It does not appear from the record, under which of the several provisions of the Code above referred to, the witnesses were examined at Pittsburg. Nor does it appear whether the testimony was taken at the instance of the plaintiff or the defendant, or whether it was taken by stipulation or under an order of the court, or a commission. Both parties have included in their bills of costs fees paid the "commissioner." We will, therefore, assume that one commission was issued to examine three witnesses at Pittsburg. The fact that counsel have attended at the taking of the deposition does not entitle the successful party to charge any more than he would be entitled to if the same witnesses had been examined upon interrogatories annexed to the commission, and drawn by counsel. Section 307 of the Code of Procedure authorized a similar charge for similar services, but it was held that under that section only one fee of $10 could be charged for drawing all the interrogatories to a commission

for the examination of several witnesses. (*O'Brien* v. *Commercial Fire Ins. Co.*, 38 Sup. Ct. 4; *Johnson* v. *Chappel*, 7 Daly, 43.) The plaintiff's costs have been taxed in this case upon the theory that the successful party is entitled to $10 for every witness examined, whether by written interrogatory or otherwise. This, I think, is not the right construction. The party entitled to costs is entitled to tax $10 for drawing interrogatories to be annexed to a commission, and the same sum for attending before a referee or commissioner to take a deposition, without regard to the number of witnesses examined. The statutory allowance is limited to $10 whether one witness or three is examined. The fact that the plaintiff failed to recover on the second cause of action does not, in my opinion, defeat his right to recover the fees of the commissioner for taking testimony in support of it. The legal disbursements of a party in attempting to establish a separate cause of action, in which he fails, are not contingent upon his success as to the particular claim, but upon his right to general costs and disbursements in the action. When a party succeeds to that extent, every legal disbursement incurred in the case will follow, and cannot be defeated by showing that the expense was incurred in an unsuccessful attempt to establish a separate element of the case. A legal disbursement to establish a separate cause of action in which the party fails cannot be held to be unnecessary because of such failure. It is enough if it appears that the party claiming it is entitled to general costs and disbursements in the case, and that it was incurred in good faith in the progress of the cause, and for the purpose of establishing one of the issues presented. When thus incurred it is necessary, though the expense, as in this case, resulted in no benefit to the party, but may in fact have benefited the other side. The defendant in this case would have been entitled to costs as well as the plaintiff had its successful resistance to the second cause of action been expressed in the form of an affirmative verdict in its favor. The plaintiff ought not to be permitted to recover disbursements connected with this cause of action without

some proof that they were actually incurred. The record does not show that there was any proof before the Special Term or the clerk that the commissioner's fees were paid, or any obligation to pay incurred, or that the item was in any way a necessary or proper disbursement in the case. The charge of $30 for attending to take depositions should, therefore, be reduced to $10 and the sum of $34.50 deducted from the costs as taxed. The order appealed from should be modified in that respect and as thus modified affirmed, without costs to either party.

All concur, except EARL, Ch. J., ANDREWS and MAYNARD, JJ., dissenting.

Ordered accordingly.