T. H. Benton Crane and Willis Wendell, as Assignees of James C. Miller and John Charles Miller, under a General Assignment for the Benefit of their Creditors, Appellants, v. John C. Miller, Respondent.— Order affirmed, with ten dollars costs and disbursements.— Appeal by plaintiffs from an order of Special Term directing the clerk to tax costs to defendant under the provisions of section 3234 of the Code, and also amending the judgment as entered, so as to make it conform to the proceedings had at the trial.—

PER CURIAM: The judgment we must assume to be as corrected by the trial judge. He could better determine what took place on the trial than we can upon the conflicting affidavits before us, and he had the right to amend the judgment so that it would conform to the decision that he then made. Assuming it to be as amended, a judgment was recovered by defendant. It is something more than a mere nonsuit. It secures to defendant protection from ever again being prosecuted for the eleven causes of action first set forth in the complaint. The case of *Burns* v. *D., L. & W. R. R. Co.* (135 N. Y. 268) holds that a nonsuit does not give to defendant such a recovery as entitles him to costs under the provisions of section 3234 of the Code. It does not decide anything more, and is not applicable to a case like this. *Moosbrugger* v. *Kaufman* (7 App. Div. 380) goes to the extent which plaintiffs here claim, but it was decided by a divided court, and has been expressly dissented from in *Welling* v. *Ivoroyd Manufacturing Co.* (15 App. Div. 116, 120). (See, also, *Browning* v. *N. Y., L. E. & W. R. R. Co.*, 64 Hun, 513). We are of the opinion that the judgment rendered for defendant entitled him to costs under the section above quoted, and that the order appealed from should be affirmed. All concurred.

The People of the State of New York ex rel. The City of Johnstown, Respondent, v. Jacob W. Staley and Adam M. Heagle, Assessors of the Town of Johnstown, Appellants. The People of the State of New York ex rel. The City of Gloversville, Respondent, v. Jacob W. Staley and Adam M. Heagle, Assessors of the Town of Johnstown, Appellants.—Order appealed from reversed, with costs, and case remitted to the Special Term for further action.—

PER CURIAM: The question submitted to us in this action has recently been passed upon by the Appellate Division of the fourth department in the case of *The City of Rochester* v. *Lewis E. Coe* and *Lewis H. Beecher, Assessors of the Town of Livonia* (25 App. Div. 300). We have read the opinion of Hardin, P. J., delivered in that case, and see no reason to doubt that he has reached a correct conclusion as to the construction that should be given to the provisions of chapter 908, Laws of 1896. On the authority of the case referred to, the order appealed from must be reversed, with ten dollars costs and disbursements, and the case remitted to the Special Term in order that it be determined whether the assessment in question is erroneous because unequal. All concurred.