(33 App. Div. 201.)

REILLY et al. v. LEE.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

RIGHT TO COSTS.
  If, of two causes of action set up in a complaint, the referee before whom the case is tried nonsuits the plaintiff as to one, and renders a general report in his favor as to the other for a sum of money, upon which a judgment is entered, but there is no affirmative finding, verdict, or judgment in favor of the defendant, the latter is not entitled to cos s, under Code Civ. Proc. § 3234, as having "recovered" upon one of the issues.

Appeal from special term, New York county.

Action by Thomas W. Reilly and another against John R. Lee. From an order granting a motion to modify and amend judgment by allowing defendant his costs, as taxed, and deducting the costs, as taxed, from the amount of plaintiffs' recovery, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellants.

Artemas B. Smith, for respondent.

INGRAHAM, J. This action was brought upon two causes of action,—the first, to recover a balance due under a contract for masonry work in building a bridge across the Lehigh river; the second, to recover a balance for masonry work in building a bridge across the Susquehanna river. The action was referred to a referee, who filed his report, which held that the plaintiffs, not having obtained from the engineer in charge of the work the certificate referred to in the contract, are not entitled to recover any sum whatever upon the first cause of action alleged in the complaint; that the plaintiffs were entitled to recover upon the second cause of action alleged in the complaint the sum of $995.28; that the counterclaim set forth in the defendant's answer should be dismissed; and that the plaintiffs were entitled to judgment against the defendant dismissing the counterclaims, but not upon the merits, and for the said sum of $995.28,—and directed judgment accordingly. It would seem that a judgment was thereupon entered in accordance with this report of the referee, in favor of the plaintiffs, and against the defendant, for the amount directed by the referee, with costs, in all amounting to $2,378.27. From this judgment an appeal was taken to the general term of the supreme court, and from thence to the court of appeals, where the judgment was finally affirmed. After the affirmance by the court of appeals, the defendant made a motion that the judgment be amended by allowing to the defendant a bill of costs to be taxed by the clerk for defeating the plaintiffs' recovery on the first cause of action alleged in the complaint. That motion was granted, the judgment was amended accordingly, and the plaintiffs appeal from the order granting the motion.

The motion was based upon section 3234 of the Code, in which it is provided that where the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue. The question as to the right of the defendant to costs depends upon whether he recovered upon one or more of the causes of action upon which issues of fact were joined. We think that there was no such recovery. This statute has been construed by the court of appeals in the case of Burns v. Railroad Co., 135 N. Y. 270, 31 N. E. 1080, which was a case substantially like the one at bar. There the

court, in determining that the defendant was not entitled to costs, said:

"The plaintiff must admit that all the conditions mentioned in the statute upon which the right of the defendant to costs depends exist in this case, except, possibly, one. The complaint sets forth separately two or more causes of action upon which issues of fact were joined, and the plaintiff has recovered upon one of the causes of action. The only question is whether the defendant has also recovered upon the other cause of action, within the meaning of this section of the Code. The defendant has succeeded in defeating two of the plaintiff's causes of action; but it has been held that something more, was intended by the use of the word 'recovers.' Before the plaintiff is entitled to costs, there must, of course, be a recovery in his favor; and this means an affirmative finding, verdict, or judgment. The word as used in the section has the same meaning whether applied to a plaintiff or a defendant. * * * In this case, while there was a nonsuit ordered in favor of the defendant on two of the causes of action stated in the complaint, that is no bar to another action by the plaintiff on the same claim; and hence there has not been a recovery in favor of the defendant, within the meaning of this provision of the Code. In such cases, if the defendant intends to claim costs, he should ask for an affirmative verdict or finding in his favor that will have the effect of disposing of the cause of action as to which the plaintiff has failed."

We do not think that the defendant "recovered" upon the first cause of action, within the meaning of this section of the Code. The action was tried before a referee; and in his report he, in substance, directs a nonsuit as to the first cause of action, upon the ground that the plaintiffs had not obtained from the engineer in charge of the work the certificate which the contract made a condition precedent to their right to recover,—in other words, that the proof failed to establish the fact necessary to entitle the plaintiffs to a recovery. There is no direction of a judgment in favor of the defendant upon this first cause of action, nor was such a judgment entered. The plaintiffs sued to recover a sum of money. The referee awarded the plaintiffs a judgment for a less sum than claimed by the plaintiffs, stating in his report the reason for not allowing the plaintiffs a judgment for the full amount for which judgment was asked. But neither in the report of the referee, nor in the judgment entered upon it, was there a recovery by the plaintiff against the defendant upon either of the causes of action; and that this was not an inadvertence appears from the different form in which the referee directed a judgment against the defendant upon the counterclaim set up in the answer. The case is substantially the same as that presented in the Burns Case, supra, there being a nonsuit directed by the referee as to one cause of action, with a general report of a referee in favor of the plaintiff for a sum of money upon which a judgment was entered, and with no affirmative finding, verdict, or judgment in favor of the defendant upon the first cause of action.

We think, therefore, that the defendant was not entitled to costs, as awarded by the judgment as amended by the order appealed from, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied. All concur.