evidence to any weight, the facts and circumstances upon which the opinion is based should be given, and the witness should first describe, as far as practicable, the appearance of the individual whose age is in question.    Abb. Tr. Ev. p. 87; Morse v. State, 6 Conn. 9; State v. Douglass, 48 Mo. App. 39; State v. Bernstein, 99 Iowa, 5, 68 N. W. 442; Com. v. O'Brien, 134 Mass. 198; Elsner v. Supreme Lodge, 98 Mo. 640, 11 S. W. 991; State v. Grubb, 55 Kan. 678, 41 Pac. 951; Walker v. State, 25 Tex. App. 448, 8 S. W. 644.

A granddaughter of decedent was also a witness upon the trial, and according to her testimony, which was undisputed, decedent, if she gave her age correctly in her applications for this insurance, was a grandmother at the age of 27 years, which, although not impossible, would be sufficiently unusual and extraordinary to require further proof than this mere opinion as to her age, before the conclusion that such fact was established by the evidence would be warranted, and the presumption raised by the baptismal record would be fairly overcome.    The testimony of Dr. Webster upon the facts disclosed by him was entitled to but little weight upon the question of the exact age of decedent.    It is common knowledge that an opinion is ordinarily of but little value as to the real age of a person between the ages of 30 and 60.    It appears that better and more satisfactory evidence was attainable.    The sister, who, decedent stated in her application, was 2 years older than herself, was in court, and doubtless her testimony would have removed all doubt upon this question.    At the close of the evidence, defendant's counsel requested leave to recall her on this point, and the request was denied.    While leave to reopen a case rests in the sound discretion of the trial judge, we think, in view of the unsatisfactory state of the evidence upon this vital point in the case, the·request should have been granted.    But, upon a consideration of the whole case, we are of opinion that the presumption raised by the baptismal record, and other testimony introduced by defendant that decedent was born on or prior to February 5th, 1837, was not overcome by sufficient evidence to take the case to the jury, and that the court erred in ·denying defendant's motion for the direction of a verdict upon the ground of breach of warranty concerning decedent's age.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.    All concur; WILLIAMS, J., in result.

---

(32 Misc. Rep. 542.)

### TEATOR v. NEW YORK MUT. SAVINGS & LOAN ASS'N.

(Supreme Court, Special Term, Columbia County.    November 10, 1900.)

Costs—Certificate—Application—Issuance.
    Code Civ. Proc. § 3234, provides that, where a complaint sets forth separately two or more causes of action on which issues are joined, if each party recovers on part costs will be allowed only to the plaintiff on its being certified that the substantial cause of action was the same in each issue.    Plaintiff's complaint contained two separate causes of action, a judgment on either one of which would not be a bar to the

other, though the legal questions presented were the same. *Held,* that the certificate would not issue.

Action by Warren Teator against the New York Mutual Savings & Loan Association. Judgment for plaintiff. Application for a certificate under Code Civ. Proc. § 3234. Denied.

The complaint states two causes of action. The first is for the amount claimed due upon the withdrawal of 10 shares of stock issued by the defendant to the plaintiff. The second cause of action is for the balance due upon the withdrawal of 25 shares of stock of the defendant issued to a third person, who has since the issuance thereof died, and the balance claimed to be due upon such shares assigned by the administrator of the estate of such third person to this plaintiff. Upon the trial the court directed the jury to find a verdict for the defendant upon the second cause of action, and submitted the first cause of action to them for their consideration. The jury found a verdict for the plaintiff upon such first cause of action.

John L. Crandall, for plaintiff.
Russell & Winslow, for defendant.

HERRICK, J. Our present system of practice permits the setting forth, as different counts or separate causes of action, the same contract, transaction, or grievance, in different forms and different aspects, but in such cases permits only one recovery, and it is undoubtedly the intention of section 3234 to provide for such cases. In this case we have two entirely separate and distinct causes of action set forth, either one of which would be the foundation for a separate suit and judgment, and a judgment upon either would not be a bar to an action upon the other, because not arising out of the same contract, transaction, or grievance. Where a judgment upon one cause of action, if separately brought, would not be a bar to an action upon the other cause of action, I do not think the certificate should issue.

Assuming the fact to be as claimed by the plaintiff's counsel in this case, that the same legal questions arise in each, I do not think that determines the question, or makes the two causes of action substantially the same, within the meaning of the section of the Code under which this application is made. The legal questions may be the same, but the cause of action separate and distinct, each the foundation of a separate and distinct suit at law, neither being a bar to the other. So it is in this case. Application denied.