HARVEY LINK v. JOSEPH C. REEVES, ADMINISTRATOR, ET AL.

FILED JANUARY 8, 1902. No. 12,063.

1. **Revivor of Action**: ADMINISTRATOR: SUMMONS IN ERROR. Where a cause is properly revived in this court in the name of the administrator of a deceased defendant in error, no summons in error is required to be served upon that administrator.

2. **Conditional Order of Revivor**: SERVICE. The serving of the conditional order of revivor, confers jurisdiction upon the substituted party.

3. **Summons in Error**: SERVICE: ATTORNEY OF RECORD. A summons in error may properly be served upon the attorney of record in the trial court in the original case, though at the time of such service the defendant in error should be dead.

ERROR from the district court for Douglas county. Tried below before BAXTER, J.

Heard on objections to jurisdiction. *Objections overruled.*

*J. O. Detweiler,* for plaintiff in error.

*B. N. Robertson, contra.*

Argued orally by counsel for both parties.

NORVAL, C. J.

Preston Reeves recovered a judgment in the district court against William Kaelber and Harvey Link in the sum of $933.50, besides costs. On May 21, 1901, Link filed the record in this court, and a petition in error to reverse said judgment, making Reeves and Kaelber defendants in error. A summons in error was issued on the same day, which was served upon B. N. Robertson, the attorney of record in the cause in the court below for said Reeves. On the day this petition in error was filed, and the summons in error issued, but before the service thereof, Preston Reeves died; and subsequently the action was revived in this court

in the name of Joseph C. Reeves, administrator of the estate of said Preston Reeves, deceased. The administrator objects to the jurisdiction of the court on the ground that the summons in error was not served upon him until more than one year after the rendition of the final judgment which is sought to be revived by this proceeding.

A conditional order of revivor was issued, in pursuance of section 459 of the Code of Civil Procedure, which was duly served upon the administrator; and, no sufficient cause being shown to the contrary, the court ordered the action to stand revived in the name of the administrator of the estate of the decedent, in accordance with section 461 of said Code. The issuance and service of summons in error upon the administrator were wholly unnecessary. The service of the conditional order of revivor was sufficient to bring the administrator into court, since said order was served within one year from the time the revivor could have been first made. Code of Civil Procedure, sec. 466.

Of course, there could be no review, unless the court had acquired jurisdiction of the cause by reason of the service of the summons in error upon Mr. Robertson. It is argued that service of process upon him was of no validity, inasmuch as Preston Reeves died the day the cause was docketed in this court and the summons in error issued, and prior to the time service was made upon Robertson. Without doubt, the relation of attorney and client ceased upon the death of Mr. Reeves; and, had the statute required a summons in error to be served upon the defendant in error or his attorney, then the service upon Mr. Robertson would be of no validity. But the statute does not so provide. Section 584 of the Code of Civil Procedure declares: "The proceedings to obtain such reversal, vacation, or modification, shall be by petition, entitled 'petition in error,' filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. A service on the attorney of record in the original case shall be

sufficient." The language of the statute is plain. It makes the service of a summons in error upon the attorney of record in the court below sufficient. Robertson being the attorney of record of Preston Reeves in the original case, the service of summons upon him conferred jurisdiction, though Mr. Reeves was then dead. It is reasonable to suppose that the statute was thus framed to meet a case like the present one, as well as where the defendant in error is a non-resident, upon whom personal service of process could not be had.

The objection to jurisdiction is overruled.

OBJECTIONS OVERRULED.

NOTE.—*Service of Appellate Process on Attorney.* Under common law practice the attorney of record for the appellee in the trial court is his authorized agent to receive appellate process. 2 Ency. Pl. & Pr., 222. "No attorney or solicitor can withdraw his name, after he has once entered it on the record, without the leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself. *United States v. Curry,* 6 How. [U. S.], 106, 111. "Where an appellant, in ignorance of the death of the respondent, serves a notice of appeal on the attorney who has appeared for the latter, and the service is accepted by him, the appeal will not be dismissed on a motion made by the attorney who accepted the service, on the ground that the service was void, because made after the death of the respondent." *Moyle v. Landers,* 75 Cal., 595. But see Hayne, New Trial & Appeal, sec. 210, p. 631; *Sanchez v. Roach,* 5 Cal., 248; *Judson v. Love,* 35 Cal., 463; *Shaitzer v. Love,* 40 Cal., 93; *Sheldon v. Dalton,* 57 Cal., 19; *Warren v. Eddy,* 13 Abb. Pr. [N. Y.], 28. "Where, after the death of a party, notice of appeal from an order is served upon his attorney, the appellant can not object on motion of said attorney to dismiss appeal, that he has no standing in court because of the death of his client. Having called the attorney into court as the proper representative of the deceased, the appellant may not object to his being heard." *In re Beckwith,* 90 N. Y., 667.—REPORTER.