MARTIN ROTT, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

SALOME ROTT, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, November 20, 1918.

Costs — right of defendant to have separate verdicts rendered so as to preserve right to costs under section 3234 of Code of Civil Procedure where actions are tried together by consent.

Where a wife alleges two separate causes of action in negligence, claiming to have been twice injured by the defendant's negligence, and her husband brings an action for loss of services, pleading two separate causes, one relating to each injury, and the two actions are by consent tried together, the defendant, in order to preserve his statutory right to costs under section 3234 of the Code of Civil Procedure, is entitled to have separate verdicts rendered upon each cause of action.

APPEAL in each case by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 22d day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of May, 1918, denying defendant's motion for a new trial in each case made upon the minutes.

The verdict in the first case was for $200. That in the second case was for $3,000.

*Robert H. Jackson,* for the appellant.

*William J. Flynn* and *Hamilton Ward,* for the respondents.

LAMBERT, J.:

The plaintiff Salome Rott, in her action, pleads two separate causes of action, both in negligence, claiming to have been twice injured by the defendant's neglect.

Her husband, Martin Rott, has likewise brought his action for loss of services, likewise pleading two separate causes of action, the one relating to each injury.

The two actions were by consent tried together. Upon the trial, counsel for the defendant requested the court to direct the jury to return a separate verdict upon each cause of action. That the court declined to do and the defendant excepted. The correctness of that ruling presents the only serious question upon this appeal.

The jury were directed to return a general verdict and have found a substantial verdict for each plaintiff. No one can now say whether or not that verdict is founded upon both causes of action or whether the jury determined favorably to the defendant upon one of them and favorably to the plaintiff upon the other.

By section 3234 of the Code of Civil Procedure it is provided as follows: " In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs. Costs, to which a party is so entitled, must be included in the final judgment, by adding them to, or offsetting them against, the sum awarded to the prevailing party; or otherwise, as the case requires.   *   *   * "

It will be observed that this provision as to costs takes from the court all discretion in that particular. Hence the right to costs in a proper case is a substantial right.

Therefore, if the ruling of the court has deprived the defendant of this substantial right, then that ruling presents error requiring reversal.

Section 3234 of the Code of Civil Procedure has been frequently discussed by our courts.

The leading authority is the case of *Burns* v. *D., L. & W. R. R. Co.* (135 N. Y. 268). In that case it was determined that the mere nonsuit upon one or more causes of action did not entitle the defendant to the costs specified in section 3234 of the Code for the reason that such nonsuit did not finally dispose of the cause of action.

In the case of *Moosbrugger* v. *Kaufman* (7 App. Div. 380) the Appellate Division in this department, by a divided court, construed the *Burns* case as holding that the defendant was not entitled to the costs provided for by section 3234, unless he recovered an affirmative judgment.

The *Moosbrugger* case has, however, been distinctly overruled several times and the rule now seems to be well established that if the decision finally disposes of one or more causes of action in favor of the defendant and one or more causes of action in favor of the plaintiff, then it recovers costs as a matter of right and there exists a right of offset. (*Crane* v. *Miller,* 27 App. Div. 630; *Reilly* v. *Lee,* 33 id. 201; *Welling* v. *Ivoroyd Mfg. Co.,* 15 id. 116; affd., 162 N. Y. 599; *Cook* v. *Casler,* 87 App. Div. 8.)

If it be true that the jury, in its deliberations, determined that the plaintiffs in these actions could not recover upon the one or the other of the causes of action pleaded, then the defendant had a clear right to costs against such plaintiffs. The ruling of the court renders it impossible to say whether or not the jury did so conclude. In preservation of this statutory right to costs in the contingency suggested, the defendant was entitled to have separate verdicts rendered. The refusal to so rule is error requiring reversal.

The judgments and orders appealed from should be reversed, with costs to abide the event, and a new trial ordered in each case.

All concurred.

In each case judgment and order reversed and new trial granted, with costs to appellant to abide event.