JOE KAROLCZYK and Another, Plaintiffs, *v.* JOSEPH A. GRATTON, Defendant.

Supreme Court, Erie County, April 10, 1926.

Costs — two causes of action, one by wife for personal injuries, and other by husband for loss of services, tried at same time as consolidated action against same defendant — wife succeeded against defendant, but verdict of no cause of action was rendered in favor of defendant against husband — plaintiff wife and defendant each entitled to costs under Civil Practice Act, §§ 1470, 1475 — determination is not discretionary with court under Civil Practice Act, § 1476.

In two causes of action, one by a wife for personal injuries and the other by her husband for loss of services and expenses, against the same defendant, tried at the same time as a consolidated action, in which separate verdicts were rendered, one for $612.50 in favor of the wife, and the other of no cause of action in favor of the defendant against the husband, the plaintiff wife, under section 1470 of the Civil Practice Act, is entitled to costs against the defendant, and defendant is entitled to costs as of course against the husband under section 1475 of the Civil Practice Act; this determination is consistent with section 1483 of the Civil Practice Act, and all other provisions of the Civil Practice Act concerning costs. Notwithstanding the fact that the two actions were consolidated, the determination of costs is not a matter of discretion upon the part of the court under section 1476 of the Civil Practice Act, for the reason that there are still two plaintiffs in the action.

MOTION to vacate and set aside the judgment entered in the above-entitled action, and to settle the form of the judgment.

*Israel Rumizen,* for the plaintiffs.

*Gibbons & Pottle,* for the defendant.

HINKLEY, J. By an order of this court, two causes of action, each by a different plaintiff but against the same defendant, were consolidated. They were the familiar actions by a wife for personal injuries, and by the husband for loss of services and expenses.

The two causes of action were tried at the same time as a consolidated action, and separate verdicts rendered. The wife, Stella Karolczyk, succeeded and recovered a verdict for $612.50 upon her claim against the defendant. The defendant succeeded and recovered a verdict of no cause of action against the husband, Joe Karolczyk on his claim.

Although there were two plaintiffs and only one action, there still remained two independent causes of action which, although tried together, resulted in two verdicts. The wife was successful upon her cause of action against the defendant, and the defendant was successful upon the cause of action brought against him by the husband.

The plaintiff wife is entitled to costs as of course against the defendant. (Civ. Prac. Act, § 1470.)

The defendant is entitled to costs as of course against the husband. (Civ. Prac. Act, § 1475.)

This determination is consistent with section 1483 of the Civil Practice Act, and all other sections of the Civil Practice Act relating to costs.

This is not a matter of discretion upon the part of the court, under section 1476 of the Civil Practice Act, because there are still two plaintiffs in the action, even though the two actions were consolidated into one.

The following language in *Rott* v. *International R. Co.* (185 App. Div. 191, 193), although *obiter*, would seem to state the conclusion arrived at herein, as without question: " If it be true that the jury, in its deliberations, determined that the plaintiffs in these actions could not recover upon the one or the other of the causes of action pleaded, then the defendant had a clear right to costs against such plaintiffs."

This decision is consistent with *Haniford* v. *Safer* (214 App. Div. 435) where two actions against two defendants were tried together.

Judgment modified to provide for costs in favor of Stella Karolczyk against the defendant, and in favor of the defendant against Joe Karolczyk, without costs of this motion.