HYMAN WAPNIK and Another, Copartners, Doing Business under the Firm Name and Style of H. WAPNIK & Co., Plaintiffs, *v.* ARGONNE HAT WORKS, INC., Defendant.

City Court of New York, December 22, 1926.

Costs — retaxation — plaintiffs recovered judgment on first cause of action for damages to merchandise by reason of defendant's negligence — second cause of action for loss of profits by reason of said negligence was dismissed for lack of proof — defendant not entitled to tax costs on second cause of action under Civil Practice Act, § 1483 — defendant did not recover upon cause of action upon which issues are joined within meaning of Civil Practice Act, § 1483 — term " recover " means more than mere dismissal of complaint.

Plaintiffs, who recovered a judgment on their first cause of action for damages to merchandise occasioned by the negligence of the defendant, but who were forced to submit to a dismissal of the second cause of action for loss of profits by reason of the damage to the goods, are entitled to an order striking out defendant's costs as taxed upon the second cause of action, for, pursuant to section 1483 of the Civil Practice Act, the defendant cannot recover costs in an action wherein the complaint recites two or more causes of action upon which issues of fact are joined if the substantial cause of action was the same upon each issue.

Moreover, defendant is not entitled to costs for he did not recover upon a cause of action upon which issues of fact are joined, within the meaning of section 1483 of the Civil Practice Act; the term " recover " means more than a mere dismissal of the complaint.

MOTION by defendant for retaxation of costs.

*Morris Solomon*, for the plaintiffs.

*Nathaniel H. Kramer*, for the defendant.

FINELITE, J.   The plaintiffs recovered a judgment against the defendant for the sum of $100 for alleged damages to personal property, and the defendant thereupon taxed costs against the

City Court of New York, December, 1926.     [Vol. 128

plaintiffs, and to offset the costs against the amount of plaintiffs' recovery for the reason that plaintiffs predicate this action upon two causes of action. The first alleged that the plaintiffs were tenants and in possession of the fifth floor of premises No. 169 Mercer street. The defendant was a tenant and an occupant of and in control of the sixth floor, immediately above the floor occupied by plaintiffs in said premises; that by reason of the carelessness and negligence of the defendant and its employees water dripped and flowed through defendant's floor into and upon the plaintiffs' premises and upon the merchandise of the plaintiffs, and the plaintiffs sustained damages thereby. The second cause of action alleged that by reason of the negligence of the defendant in causing the overflow as set forth in the first cause of action the plaintiffs were unable to conduct their business and to manufacture and ship orders, and sustained a loss of profits and cancellation of orders in a certain sum. On the trial herein the complaint was dismissed as to the second cause of action for the reason that no proof was offered thereof. On the first cause of action the jury rendered a verdict in favor of the plaintiff for the sum of $100. Thereafter costs were taxed in favor of the defendant upon the second cause of action, and this motion is made now for retaxation of costs by disallowing the same, or, in the alternative, for a certificate certifying that substantially the same cause of action existed upon each issue in this action. Plaintiffs quote section 1483 of the Civil Practice Act which is applicable to the question in reference to a recovery, as well as to an offset as to who is entitled to costs as the prevailing party, which section reads as follows: " In an action wherein the plaintiff is entitled to costs as of course, wherein the complaint sets forth separately two or more causes of action upon which the issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs. Costs to which a party is so entitled must be included in the final judgment by adding them to or offsetting them against the sum awarded to the prevailing party; or otherwise, as the case requires. This section does not entitle a plaintiff to costs in a case where he would not otherwise be entitled to costs." Pursuant to section 1483, defendant cannot recover costs in an action wherein the complaint sets forth two or more causes of action upon which issues of fact are joined if the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs. In the case at bar both causes of action are substantially

the same within the meaning of this section. The negligence complained of is the same in each cause of action, the only difference being the measure of damages. Plaintiffs could have alleged all damages resulting by reason of defendant's negligence, as one cause of action, and merely because as a matter of pleading they were set forth separately, is no justification to hold the causes of action are not substantially the same. Both arise out of the same grievance. In *Teator* v. *New York Mutual Savings & Loan Assn.* (32 Misc. 542) the court held that where the judgment upon one cause of action, if separately brought, would not be a bar to an action upon the other cause of action, then the causes of action are not substantially the same, and in that case the court so held, because both causes of action did not arise out of the same contract, transaction or grievance. In *Cook* v. *Casler* (87 App. Div. 8) plaintiff sued on two causes of action. The complaint as to the first cause of action was dismissed. Plaintiff recovered as to the second, and defendant sought costs based upon the dismissal of the first cause of action. The trial judge denied such application on the theory that the substantial cause of action was the same in each and gave the certificate required. The appellate court ruled that the trial judge erred in holding that the two causes of action were substantially the same. In that case the second cause of action was based upon a contract claimed to have been made long after every fact set up in the first cause of action occurred. (See, also, *Gearty* v. *Mayor, etc., of City of N. Y.,* 137 App. Div. 216.) In *Dunn* v. *N. Y. Tel. Co.* (175 N. Y. Supp. 115) there were two causes of action for trespass, alleged to have been committed eight months apart, and it was there held that the cause of action upon each issue was not substantially the same. Defendant has not *recovered* upon a cause of action upon which issues of fact are joined within the meaning of section 1483. It is necessary that the defendant *recover* upon one or more of the issues where the complaint sets forth separately two or more causes of action upon which the issues of fact are joined, in order to be entitled to costs, and the interpretation placed upon the term " recover " shows that defendant is not entitled to costs in the case at bar. Defendant relies upon the cases of *Rott* v. *International R. Co.* (185 App. Div. 191); *Cook* v. *Casler* (*supra*) and *Welling* v. *Ivoroyd Mfg. Co.* (15 App. Div. 116) in support of its application for costs, on the theory that dismissal of the complaint as to one of the causes of action is sufficient. In the *Rott* case there were two causes of action, both in negligence, plaintiff claiming to have been twice injured by defendant's neglect. Defendant asked the trial judge to instruct the jury to return separate verdicts upon each cause of action, which the judge refused, and

verdict was rendered for plaintiff. It was held that the lower court was in error in refusing so to charge, because no one could say whether or not the verdict was founded upon both causes of action, or whether the jury determined favorably for defendant upon one of the causes of action, and the ruling of the court, therefore, deprived defendant of a substantial right. That was the only question before the court. However, the court further stated: " If it be true that the jury, in its deliberations, determined that the plaintiffs in this action could not recover upon the one or the other of the causes of action pleaded, then the defendant had a clear right to costs against such plaintiffs." The court referred to the leading case of *Burns* v. *D., L. & W. R. R. Co.* (135 N. Y. 268), and stated that in that case it was determined that a mere nonsuit upon one or more causes of action did not entitle defendant to costs, because such nonsuit did not finally dispose of the cause of action, and further stated that the rule is that if the decision finally disposes of one or more causes of action in favor of defendant and one or more causes of action in favor of plaintiff, then defendant recovers costs as a matter of right. In view of the fact that the question before the court was whether the jury should bring in separate verdicts upon each cause of action, it is submitted that the court in using the word " decision " referred to a decision by the jury as a final determination of the action. Certainly any rule of policy concerning a question not properly before the court was *obiter dicta*. In *Karolczyk* v. *Gratton* (127 Misc. 78) the court referred to the quotation above that if the jury determined plaintiffs could not recover upon one cause of action that defendant had a right, as *obiter*. However, an examination of the authorities indicates that the term " recover " means more than a mere dismissal of the complaint. It must appear that the defendant has recovered upon one or more of the causes of action upon which issues of fact are joined and that his recovery is based upon an issue of fact; a dismissal of the complaint is a determination as a matter of law. The court in *Crown* v. *Goldstein Co., Inc.* (182 App. Div. 730) uses the following language referring to defendant's right to recover costs: " Where * * * plaintiff recovers on one or more causes of action *but fails to recover on one on which an issue of fact has been joined and submitted to the jury.*" In *Cook* v. *Casler* (*supra*) the court directed a " judgment of nonsuit upon the merits " as to the first cause of action, the answer to which set up a former judgment in bar. *Karolczyk* v. *Gratton* (*supra*) involved two causes of action, one by a wife for personal injuries, the other by her husband for loss of services. The wife recovered, but defendant was successful on the cause of action by the husband. The court held defend-

ant was entitled to costs as against the husband. In this action the case went to the jury. *Welling* v. *Ivoroyd Mfg. Co. (supra)* was a case which involved three causes of action. The matter was assigned to a referee, who reported for the plaintiff on the first and part of the third causes of action and for the defendant on the second. Defendant sought costs as to the second cause of action. The court said: "We are of opinion that the defendant was improperly denied its costs. As to the second cause of action it obtained, not a nonsuit, but an affirmative finding in its favor that ' judgment should be entered for the defendant upon the second cause of action set forth in the complaint.' " Here defendant recovered an affirmative judgment against plaintiff. A situation similar to the case at bar is presented in *Reilly* v. *Lee* (33 App. Div. 201, cited in *Rott* v. *International R. Co. (supra)*. There were two causes of action. The referee held that plaintiff was not entitled to recover upon the first cause of action, but that plaintiff was entitled to recover on the second. Defendant asked for costs for defeating plaintiff's recovery on the first cause of action. The question involved was: Has defendant recovered upon one or more causes of action upon which issue of fact is joined? and upon that point the court said: " We think that there was no such recovery." The court further said that all that the referee held was that the proof failed to establish the fact necessary to entitle plaintiff to a recovery; that there was no direction of a judgment in favor of defendant on the first cause of action, nor was any such judgment entered. The following language was used by the court in *Crane* v. *Miller* (27 App. Div. 630, cited in the *Rott* case): " A judgment was recovered by defendant. It is something more than a mere nonsuit. It secures to defendant protection from ever again being prosecuted for the eleven causes of action first set forth in the complaint." In all these cases the causes of action were different, and in no case did defendant recover costs where there was merely a dismissal of the complaint, for defendant to recover costs there had to be a final disposition in favor of defendant so that plaintiff should never again be able to maintain an action upon such cause of action. Mere dismissal of the complaint is not enough. There had to be a final disposition of the cause of action on which issues of fact were joined. Where the court passes upon the question as a matter of law defendant has not recovered upon a cause of action on which an issue of fact was joined. The rule of law laid down in *Burns* v. *D., L. & W. R. R. Co.* (135 N. Y. 268) that a nonsuit did not finally dispose of the cause of action has never been overruled, and the rule laid down in the *Rott* case was *obiter.* Defendant's motion is denied, with

ten dollars costs, and plaintiffs' motion is granted and the clerk is directed to strike out defendant's costs as taxed. Submit order on notice embodying a certificate in compliance with section 1483 of the Civil Practice Act.