HOLTON PALMETTO PRESS, INC., Plaintiff, v. JOHN J. ROBINSON and Another, Defendants.

City Court of New York, Kings County, April 7, 1933.

*Maurice A. Haas,* for the plaintiff.

*John J. Robinson,* for the defendants.

RUSSELL, J. This motion concerns the right of defendant Robinson to tax costs as a result of the granting by the court after completion of the trial of such defendant's motion to dismiss the first cause of action of the complaint as against him. The solution of the problem may be found in a definition of the word " recovers " as used in section 1483 of the Civil Practice Act, which as material hereto, reads: " Costs, where plaintiff and defendant recover upon separate issues. In an action wherein the plaintiff is entitled to costs as of course, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs."

In *Burns* v. *D., L. & W. R. R. Co.* (135 N. Y. 268, at p. 271) the court said: " It is only when he *recovers* upon one or more of the separate causes of action that costs follow, and in the absence of an actual verdict, finding or judgment in his [a defendant's] favor this condition is not satisfied." In *Wapnik* v. *Argonne Hat Works* (128 Misc. 395), containing a review of decisions on the subject, at page 399 it is stated: " Mere dismissal of the complaint is not enough [for defendant to recover costs]. There had to be *a final* disposition of the cause of action on which issues of fact were joined. Where the court passes upon the question as a matter of law defendant has not recovered upon a cause of action on which an issue of fact was joined."

What is meant by " mere dismissal of the complaint?" In *Deeley* v. *Heintz* (169 N. Y. 129) the court said: " A judgment in favor of the defendant is, of course, a judgment dismissing the complaint, and a judgment dismissing the complaint is a judgment for the defendant; these forms of expression are used interchangeably and mean the same thing." Section 482 of the Civil Practice Act reads: " A dismissal of a complaint * * * at the close of the whole evidence is a *final determination of the merits* of the cause of action and *bars* a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." (See *Vanderbilt Amusement Co.* v. *Royce,* 216 App. Div. 195.)

In the instant action there was no direction as to the dismissal

being " without prejudice." The dismissal herein was a *final determination on* the *merits* after all the evidence on each side had been submitted, and it acts as a bar to any renewal of the cause of action in question. Can it reasonably be held to have been a " mere dismissal of the complaint " in the sense referred to in the language of the *Wapnik Case* (*supra*), or was it such a " recovery " by the defendant as to lend him the benefit of the intent of section 1483 of the Civil Practice Act? (See *Blashfield* v. *Blashfield*, 41 Hun, 249, at pp. 251–253.) In my opinion it was the equivalent of a judgment for the defendant and, in the words of the decision in *Burns* v. *D., L. & W. R. R. Co.* (*supra*), was such " an actual finding or judgment " in defendant's favor as to be fairly embraced within the meaning of the word " recovers " as used in section 1483.

Accordingly I direct that costs be taxed as to such cause of action in favor of defendant Robinson. It appears that the clerk has omitted from his minutes of the trial the fact of a dismissal of the third cause of action, and such minutes are directed to be corrected as to same.