MAX COOPERMAN and Others, Plaintiffs, v. DOMINICK RENDINA, Defendant.

City Court of New York, Bronx County, June 9, 1933.

*Max Celles*, for the motion.

*Murray A. Meyerson*, opposed.

DONNELLY, J. This is a motion to review the taxation of costs in favor of the defendant and against the plaintiff Max Cooperman, as taxed by the clerk of this court.

The action was brought by all the plaintiffs against the defendant to recover for personal injuries sustained by them while seated in an automobile truck operated by the plaintiff Max Cooperman, due to the negligence of the defendant in causing his automobile truck to run into and collide with the vehicle in which the plaintiffs were seated. The jury rendered a verdict in favor of the plaintiff Louis Klam and against the defendant for $150; in favor of the plaintiff Maryan Krala and against the defendant for $250, and in favor of the defendant against the plaintiff Max Cooperman. The clerk taxed costs in favor of the defendant and against the last named plaintiff.

By section 1475 of the Civil Practice Act it is provided: " Defendant's costs of course. The defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections fourteen hundred and seventy to fourteen hundred and seventy-three, unless the plaintiff is entitled to costs as therein prescribed; but the fact that in any action a plaintiff is not entitled to costs by reason of having brought the action in a court of jurisdiction higher than that in which it might have been brought shall not entitle the defendant to costs."

By section 1470 of the Civil Practice Act it is provided: " The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in either of the following actions. * * *

" 11. An action, other than one of those specified in the foregoing subdivision of this section, in which the complaint demands judgment for a sum of money only."

According to section 1471, if the successful plaintiff in any of the actions therein named recovers less than fifty dollars damages, the amount of his costs cannot exceed the damages.

As provided by section 1472, the plaintiff in an action in which the complaint demands judgment for a sum of money only, is not entitled to costs, unless he recovers the sum of fifty dollars or more.

Section 1473 deals with the limitation of plaintiff's costs in an action to recover a chattel.

By section 1474 it is provided: "The plaintiff shall recover no costs or disbursements: * * *

" 2. In an action brought, triable * * * in the city court of the city of New York, which could have been brought, except for the amount claimed therein, in the municipal court of the city of New York, * * * unless he shall recover five hundred dollars or more."

In the instant case the recoveries awarded by the jury to the two successful plaintiffs show that the actions could have been brought in the Municipal Court of the City of New York. In those cases the plaintiffs are not entitled to costs. But at bar we are not dealing with the case of a plaintiff whose right to costs is precluded by the fact that he could have brought his action in a court of lower jurisdiction than the forum he chose. Max Cooperman was the unsuccessful plaintiff against whom the jury found in favor of the defendant. Costs against him in favor of the defendant were, therefore, properly taxed, pursuant to the provisions of section 1475 of the Civil Practice Act. (*Karolczyk* v. *Gratton*, 127 Misc. 78.) Motion denied. Order filed.