COMMERCIAL SEALEAF CO., INC., Plaintiff, *v.* PUREPAC
CORPORATION, Defendant.

Supreme Court, Special Term, Bronx County, September 27, 1938.

*M. Eisenberg,* for the plaintiff.

*Praeger, Bogart & Meister* [*I. N. Jacobson* of counsel], for the defendant.

LAUER, J. Plaintiff herein in a single motion has moved this court for two different forms of relief. In the first instance, the plaintiff seeks to set aside the verdict of the jury heretofore found and to be granted a new trial. I have considered the grounds urged by the plaintiff and find no justification for disturbing the verdict or granting a new trial and such relief is denied. The second part of the motion seeks to vacate and set aside the judgment heretofore entered, or in the alternative to retax and correct the costs entered by the clerk on the ground that the taxation of such costs was erroneous. In order to reach a determination of the question presented it is necessary to examine the proceedings had herein.

The complaint in this action originally contained one cause of action. The action was tried and resulted in a substantial verdict for the plaintiff. The defendant appealed from the judgment to the Appellate Division, First Department, which reversed the judgment and ordered a new trial, " with costs to appellant to abide the event " (252 App. Div. 668). Thereafter the plaintiff moved to amend its complaint and upon the granting of the motion served an amended complaint which contained two causes of action. The first cause of action of the amended complaint was the duplicate of the single cause of action in the original complaint, and the second cause of action was an additional one arising out of the same contract. Upon the trial of the action based on the amended complaint, the plaintiff's first cause of action was dismissed at the close of the plaintiff's case. Thereafter the second cause of action was submitted to the jury and resulted in a verdict for $155.77 in plaintiff's favor. The defendant thereupon moved to tax costs and appeared before the county clerk who ruled that the costs of the appeal from the first judgment were properly recoverable by the defendant within the order of the Appellate Division and entered judgment accordingly, deducting from the amount of such appeal costs the amount of the verdict which had been rendered in favor of the plaintiff.

The question here presented is whether or not the " event " has occurred which was contemplated by the Appellate Division and as a consequence thereof the defendant was entitled to tax appeal costs. An examination of the authorities has failed to disclose any case determinative of the facts herein and neither counsel has submitted any authority. The Appellate Division by its decision has provided that the granting of appeal costs to the appellant is conditioned upon the " event " of the litigation. The courts of this State have held that " where costs are awarded to the appellant to abide the event, the meaning of this phrase is that the event which shall determine whether the appellant is entitled to an award of the costs of appeal is his success in obtaining a judgment on the merits upon the retrial." (*Gordon* v. *Krellman*, 217 App. Div. 477, at p. 482; *Crown* v. *Goldstein Co., Inc.*, 186 id. 86.) May it be said that the defendant in the instant case has been successful in obtaining a judgment on the merits upon the retrial? The defendant herein was successful on the retrial to the extent of obtaining a dismissal of the first cause of action at the end of the plaintiff's case, which was the only cause of action before the Appellate Division.

Section 482 of the Civil Practice Act provides: " A dismissal of a complaint  *  *  *  at the close of the plaintiff's  *  *  *  evi-

dence * * * is a final determination of the merits of the cause of action * * * unless the court shall dismiss without prejudice." In the instant case the court did not dismiss the first cause of action without prejudice and the defendant obtained a final determination on that cause of action which was equivalent to a judgment. (*Holton Palmetto Press, Inc.*, v. *Robinson*, 147 Misc. 267, 269.) The judgment so obtained was sufficient to carry with it the taxation of costs pursuant to section 1483 of the Civil Practice Act which provides as follows: " Costs, where plaintiff and defendant recover upon separate issues. In an action wherein the plaintiff is entitled to costs as of course, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs." The taxation of costs by a defendant in these circumstances has been permitted by the courts of this State. (*Holton Palmetto Press, Inc.*, v. *Robinson, supra.*) The fact that the plaintiff was successful in his second cause of action does not alter the defendant's position but only determines whether the plaintiff has the right to tax costs against the defendant pursuant to section 1483 of the Civil Practice Act, *supra.*

It appears, therefore, that since under the authorities the defendant has obtained a final judgment on the first cause of action and upon which costs may be taxed, the event has occurred which was contemplated by the Appellate Division as a condition precedent to the granting of appeal costs. Moreover, as the defendant was defeated on the only cause of action presented at the first trial and had to take an appeal to obtain final success upon the duplicate of that cause of action, it seems proper that the defendant should have the costs and disbursements attendant upon the appeal which secured this result. (See *Crown* v. *Goldstein Co., Inc., supra.*)

The motion to vacate the judgment and retax the costs is, therefore, denied.