## THOMSON et al. v. UNITED GLAZING CO., Inc., et al.

### Civil No. 474.

District Court, W. D. New York.
Jan. 7, 1941.

Robert M. Hitchcock, of Buffalo, N. Y., for plaintiffs.

Kimball & Smith, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

■ The action was in negligence. It arose out of a collision between an automobile owned and operated by the plaintiff Daniel W. Thomson and one owned by United Glazing Co., Inc., and operated by defendant Herb Bucholtz while engaged in business for the latter. The plaintiff Flossie Thomson was a passenger in the car owned by the plaintiff Daniel W. Thomson. The plaintiffs were properly joined in the single action. The rights of each arose out of the same transaction, and the defendant United Glazing Co., Inc. was liable for any negligence of the defendant Herb Bucholtz. Rule 20, Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c.

The plaintiffs taxed a bill of costs against both defendants. The defendants taxed costs against the plaintiff Daniel W. Thomson. The plaintiff Flossie Thomson recovered a verdict against the defendants and the right to so tax is not questioned. As against the plaintiff Daniel W. Thomson a no cause verdict was found. The plaintiff Daniel W. Thomson questions the right of such taxation against him, and that raises the question here presented.

■■ There is a conflict in the decisions in New York State. Karolczyk v. Gratton, 127 Misc. 78, 216 N.Y.S. 69 and Boldin v. Smith, 161 Misc. 696, 291 N.Y.S. 832. However, the law of that state is not controlling here. Rule 54(d) provides that where neither a statute nor the rules of this court expressly so provide "costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *." There is no express statute or rule allowing the costs sought to be taxed by the defendants. In my opinion the instant case peculiarly justifies the exercise of the court's discretion as against such allowance. A single answer was served. There was a single trial. While the jury found that the plaintiff Daniel W. Thomson was not free from negligence, the issues revolved round the single question of the operation of the two automobiles. There was nothing in the evidence to support any finding that the plaintiff Flossie Thomson was negligent and the defendants would have been put to the same proof had the plaintiff Daniel W. Thomson not been a party. Further, three of the witnesses whose fees are sought to be taxed by the defendants testified solely as to the condition of the plaintiff Flossie Thomson. The Clerk's fees sought to be taxed would necessarily be incurred in an action brought by Flossie Thomson alone, and the same is to a considerable extent true as to the stenographer's fees. Under these circumstances, I am of the opinion that no costs should be taxed in favor of the defendants.